3. That five of the six slugs had been fired from the same pistol.

4. That three of the seven shell casings had been fired from a 45-calibre weapon other than the pistol taken from Emilio, but each of the three had been fired from the same weapon.

5. That one of the six slugs had been fired from a 45-calibre weapon other than the pistol taken from Emilio.

The appellant did not testify or offer any evidence in his own behalf.

The court charged on the law of principles and circumstantial evidence and further told the jury not to consider the statement of Y. C. Guerra to Officer Jordan unless they found that it was heard by the defendant.

No brief has been filed for appellant, and we find nothing presented for review save the sufficiency of the evidence to sustain the conviction.

We must determine if the facts as stated exclude every other reasonable hypothesis except the appellant's guilt.

Y. C. said, "My *brothers* has got in trouble on the Webberville road and want to give themselves up." This occurred near the scene of the shooting and shortly thereafter. The shooting had occurred on the Webberville Road. Immediately after this statement was made, both *brothers* came out of the door with their hands in the air and surrendered themselves.

The appellant was not armed, but nitrates were on both of his hands.

Two firearms were used in the assault, one of which was found on the person of appellant's brother.

Though not free from difficulty, we have concluded that these facts viewed from the standpoint most favorable to the State are sufficient to exclude every other reasonable hypothesis except the appellant's guilt.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

**Thomas Duane BANKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 28825.

Court of Criminal Appeals of Texas.

Feb. 13, 1957.

No attorney for appellant of record on appeal.

Henry Wade, Criminal Dist. Atty., Homer Montgomery, Henry L. Brotherton, Jr., and George P. Blackburn, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

Robbery by assault is the offense; the punishment, ten years' confinement in the penitentiary.

The record before us contains no statement of facts or bills of exception. All proceedings appear to be regular. Nothing is presented for review.

The judgment is affirmed.

Clyde Vinson, San Angelo, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

The offense is driving while intoxicated as a second offender under Article 802b; the punishment, a fine of $1,000.

The witness Spears testified that the automobile driven by the appellant collided with his parked automobile in front of his place of business, that he ran out, hailed the police, and saw them apprehend the appellant a short distance down the street. He stated that the appellant leaned up against a parking meter while he talked to the officers and that he "didn't look normal" to him.

**William Carlton BELYEU, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 28810.**

Court of Criminal Appeals of Texas.

Feb. 13, 1957.

